**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CRAIG ORLER,**
        **Petitioner,**


**v.**                                    **Civil Action No.: 3:18-CV-137
(GROH)**


**FREDERICK ENTZEL, Warden,**
        **Respondent.**


## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On August 30, 2018, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.[1]  Petitioner is a federal inmate housed at Hazelton FCI who is challenging the validity of his sentence imposed in the United States District Court for the District of New Jersey.  On February 6, 2019, Petitioner filed an Amended Petition, with a memorandum in support thereof.  ECF Nos. 12, 12-1.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.  Also pending before the Court are various other motions filed by Petitioner, which are detailed in Section III below.

---

[1] All CM/ECF references herein are to the instant case, 3:18-CV-137, unless otherwise noted.

## II.    FACTUAL AND PROCEDURAL HISTORY[2]

### A. Conviction and Sentence

On May 23, 2006, an information was filed against Petitioner in the District of New Jersey, case number 1:06-CR-386, which charged him with: (1) conspiracy to deal firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A); and (2) being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) and (2).  ECF No. 27.  On that same date, Petitioner entered his plea of guilty to the two-count Information, pursuant to the terms of a written plea agreement filed with the Court.  ECF Nos. 29, 31.  The written plea agreement specified in part that:

> The sentence to be imposed upon Craig Orler is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742 and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.

ECF No. 31 at 2.

On August 29, 2006, Petitioner was sentenced to 40 months on Count 1 and to 90 months on Count 2, with those sentences to be served consecutively to one another for a total term of 130 months.  ECF No. 34 at 2.  The sentence was further ordered to be served consecutively to any sentence Petitioner was then serving in New Jersey state prison.  Id.  Consistent with Petitioner's plea agreement, the sentencing court enhanced Petitioner's sentence pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines").  ECF Nos. 31 at 6, 33.

---

[2] All CM/ECF references in the Factual and Procedural History, Sections II.A., II.B., and II.C., refer to entries in the docket of Criminal Action No. 1:06-CR-386 in the District of New Jersey, Camden Division.

**B. Direct Appeal**

Petitioner did not appeal his conviction or sentence.

**C. Motions to Vacate under 28 U.S.C. § 2255**

On June 6, 2016, Petitioner filed a motion to vacate[3] under 28 U.S.C. § 2255. ECF No. 38.   Petitioner argued that his sentence was improperly enhanced under the application notes to U.S.S.G. § 2K2.1, which notes[4] referenced U.S.S.G. § 4B1.2. Petitioner claimed that pursuant to the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), his prior aggravated assault conviction no longer qualified as a crime of violence, and that, accordingly, his sentence was improperly enhanced. ECF No. 38 at 1 – 2.  Petitioner sought vacation of his sentence and to be re-sentenced without application of the career offender provision.  <u>Id.</u> at 29.

On June 10, 2016, Petitioner filed another motion[5] to vacate entitled "Motion to Correct Sentence Under 28 U.S.C. § 2255".  ECF No. 39.  Therein, Petitioner raised

---

[3]  The motion was filed in a civil action, case number 1:16-CV-3310, but pleadings were also filed in Petitioner's criminal case.

[4]  Pursuant to the Application Notes to U.S.S.G. § 2K2.1, various terms are defined as follows:

1. Definitions.— For purposes of this guideline: "Ammunition" has the meaning given that term in 18 U.S.C. § 921(a)(17)(A). "Controlled substance offense" has the meaning given that term in §4B1.2(b) and Application Note 1 of the Commentary to §4B1.2 (Definitions of Terms Used in Section 4B1.1). "Crime of violence" has the meaning given that term in §4B1.2(a) and Application Note 1 of the Commentary to §4B1.2. "Destructive device" has the meaning given that term in 26 U.S.C. § 5845(f). "Felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen years or older is an adult conviction. A conviction for an offense committed prior to age eighteen years is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted (e.g., a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult). "Firearm" has the meaning given that term in 18 U.S.C. § 921(a)(3).
. . . .
3. Definition of "Prohibited Person".—For purposes of subsections (a)(4)(B) and (a)(6), "prohibited person" means any person described in 18 U.S.C. § 922(g) or § 922(n)

[5]  This motion appears to be a duplicate of the motion to vacate [ECF No. 38] filed on June 6, 2016.

essentially the same arguments as were presented in his motion to vacate filed four days previously. Id.  However, on April 18, 2017, Petitioner filed a notice of voluntary dismissal. ECF No. 40.  Although the Court did not enter an order of dismissal, the Clerk's office closed the case as to both motions to vacate.  ECF No. 40.

### III.   INSTANT § 2241 PETITION

Petitioner filed the instant § 2241 petition on July 30, 2018, more than a year after he voluntarily dismissed his § 2255 petition.  ECF No. 1.  In his amended § 2241 petition before this Court, Petitioner asserts only one ground for relief, that his sentence constitutes a fundamental defect, because it was based on enhanced Guidelines which were improperly applied.  ECF No. 12 at 5.  Petitioner focuses his claim on the increase in his Guideline range from 14 to 20 based on a prior conviction of a crime of violence. Id.

For relief, Petitioner requests his sentence imposed in New Jersey an be vacated and that a sentence of "time served" be imposed.  Id. at 8.  It appears that Petitioner seeks to have his sentence invalidated.

Petitioner has also filed a number of motions seeking various relief, all of which appear to be attempts to expedite this case.  Those motions[6] are: (1) Motion for an Appeal Bond, filed October 4, 2018, ECF No. 6; (2) Motion to Take Judicial Notice, filed January 24, 2019, ECF No. 8; (3) Letter/Motion to Expedite, filed March 4, 2019, ECF No. 17; (4) Motion for Appellate Bond, filed March 29, 2019, ECF No. 20; (5) Petitioner's Emergency Motion to Expedite, filed April 22, 2109, ECF No. 22; (6) Motion for Emergency Relief,

---

[6]  The Court notes that Petitioner has also filed two mandamus actions: (1) a petition for mandamus before the District Court, filed on March 22, 2019 [ECF No. 18]; and (2) a petition for mandamus before the Fourth Circuit Court of Appeals, filed on April 22, 2019 [ECF No. 24].

4

filed April 22, 2019, ECF No. 23; and (7) duplicate of prior motion [ECF No. 22] to expedite, filed April 24, 2019, ECF No. 28.

## IV.   LEGAL STANDARDS

### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to a less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing
> of, and waste of judicial and private resources upon, baseless
> lawsuits that paying litigants generally do not initiate because
> of the costs of bringing suit and because of the threat of
> sanctions for bringing vexatious suits under Federal Rule of
> Civil Procedure 11. To this end, the statute accords judges
> not only the authority to dismiss a claim based on an
> indisputably meritless legal theory, but also the unusual
> power to pierce the veil of the complaint's factual allegations
> and dismiss those claims whose factual contentions are
> clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity

---

[7]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[8] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[9] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

---

[8]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.     The date on which the judgment of conviction becomes final;

    b.     The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.     The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[9]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

8

## V.    ANALYSIS

Petitioner's sole ground for relief is that he was misclassified as a career offender[10] under the post-Booker,[11] advisory Guidelines.  ECF No. 12 at 5; ECF No. 12-1, at 1 – 2. Because Petitioner's direct appeal rights have expired and Petitioner has not pursued a prior § 2255 motion to disposition, his appropriate remedy would be to file a § 2255 to vacate his sentence.[12]   To the extent that Petitioner is seeking relief under § 2241, he must meet the standards of that statute.

Further, to obtain similar relief through a § 2241 proceeding, Petitioner must rely on the § 2255(e) savings clause.    Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.  See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).

---

[10]  Although Petitioner does not articulate his claim using the term "career offender designation", it is clear from his memorandum that he intended to challenge that designation.  In his memorandum, Petitioner argues that his, "base offense level for the possession charge was increased from level 14 to level 20, based on a prior conviction to a crime of violence pursuant to U.S.S.G. § 2K2.1, based on a prior conviction to aggravated assault under N.J.S.A. 2C:12-1B(4)."  ECF No. 12-1 at 1 – 2.

[11]  United States v. Booker, 543 U.S. 220 (2005).

[12]  Section 2255 appears to be the appropriate remedy, however, Petitioner's conviction was final more than ten years ago.  Accordingly, such a claim may be time barred, thereby precluding relief under § 2255.

In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory.  Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715 ("Foote[13] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision."  Id.  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so."  Id.  In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision."  Id. at 716.

Petitioner in this case was sentenced as a career offender under the post-Booker, advisory Guidelines.  Accordingly, regardless of whether there was a misapplication of the career offender enhancement, the law in this Circuit makes clear that Petitioner

---

[13] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.  Foote, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of every alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).  The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  Id. at 940, 944.

cannot satisfy the fourth <u>Wheeler</u> prong, and, therefore, fails to satisfy the § 2255(e) savings clause.  Because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] and Amended Petition [ECF No. 12] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**  It is further **RECOMMENDED** that Petitioner's Motions for appeal bonds, or emergency or expedited relief, and for mandamus [ECF Nos. 6, 8, 17, 20, 22, 23, 28] be **TERMINATED AS MOOT**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:       May 9, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE